Keith J. Dodson, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:      (307) 265-0700
Facsimile:      (307) 266-2306
Email:          kdodson@wpdn.net

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| OUTLOOK ORANGE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 23-CV-67-SWS |
| | ) |
| DYNAMIC POWER SOURCES LLC, and | ) |
| HERBERT S. WAGNER, individually, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

**COMES NOW** the above-named Plaintiff Outlook Orange, LLC ("Outlook Orange"), by and through its attorneys, Keith J. Dodson of the law firm of Williams, Porter, Day & Neville, P.C., hereby states the following facts constituting its claims for relief against Defendants DYNAMIC POWER SOURCES LLC and HERBERT S. WAGNER, individually ("Defendants") as follows:

## INTRODUCTION

1.  This is an action for damages arising from a breach of contract, fraud, and breach of warranty in connection with hosting services for bitcoin mining equipment provided by Defendants to Plaintiff.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are

citizens of different states and the amount in controversy exceeds $75,000.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4.  At all relevant times hereto, Plaintiff Outlook Orange has been a registered Wyoming limited liability company with its principal place of business at 1908 Thomes Ave, Cheyenne, WY 82001.

5.  At all relevant times hereto, DYNAMIC POWER SOURCES LLC is an Arizona corporation, with its principal place of business in Lakeside, Arizona.

6.  At all relevant times hereto, HERBERT S. WAGNER ("Wagner") is the owner and founder of DYNAMIC POWER SOURCES LLC. Wagner is a resident and domiciliary of the State of Arizona.

## FACTUAL ALLEGATIONS

7.  On or about February 18, 2022, Plaintiff entered into a contract with Defendants for hosting services for bitcoin mining equipment (the "Agreement"). A Copy of the Subject Agreement is Attached hereto as Exhibit "A" and incorporated by reference.

8.  The purpose of the Agreement was for Defendant DYNAMIC POWER SOURCES LLC to provide hosting services, including the provision of computing power, setting up equipment, and servicing equipment and infrastructure.

9.  Defendants failed to satisfy its contractual obligations, including incorrect power configuration at its facility, which led to extensive damage to Plaintiff's mining equipment. Defendants also breached their warranties to Plaintiff.

10. Acting through Wagner, Defendant repeatedly made false and/or misleading statements to

induce Plaintiff into entering the Agreement and continued to misrepresent material details regarding its hosting capacities after the Agreement was executed.

11. In particular, Wagner repeatedly misrepresented the following facts in February of 2022:

   a. That the power provided to ASIC miners was appropriate and not causing damage to the equipment.

   b. The equipment at the site.

   c. Wagner's experience and qualifications.

   d. The anticipated deadlines of building out the site for hosting services.

12. Wagner made false and/or misleading statements to induce Outlook Orange LLC into entering into the hosting agreement.

13. Wagner also made additional representations beginning in March of 2022 and continuing for several months thereafter in an effort to avoid Outlook Orange from terminating the applicable agreement.

14. Wagner and DYNAMIC POWER SOURCES LLC are not truly separate or distinct entities.

15. Upon information and belief, Wagner commingled his personal funds and other assets with those of DYNAMIC POWER SOURCES LLC.

16. Wagner has complete ownership and control of DYNAMIC POWER SOURCES LLC.

17. Upon information and belief, there is an absence of any corporate assets in DYNAMIC POWER SOURCES LLC.

18. Wagner has admitted verbally that DYNAMIC POWER SOURCES LLC is undercapitalized and has no assets.

19. Upon information and belief, Wagner diverts corporation's funds or assets to noncorporate

uses.

20. Outlook Orange LLC relied on Wagner's misrepresentations and suffered damages as a result.

21. During the contract period, more than 20% of Plaintiff's power supply units were "burned out" and damaged because of the incorrect power configuration of Defendants' facility.

22. A normal anticipated "burn-out" ratio would have been approximately 2%.

23. Despite entering into the Agreement and many promises, Defendants repeatedly failed to satisfy its contractual obligations, including the provision of adequate and accurate power configurations.

24. In addition to the power supply burnout, Defendants machines were also "overburdened," which impacted the long-term life of Plaintiff's machines.

25. As a result of Defendants' conduct, Plaintiff terminated the Agreement due to Defendant's incorrect power configuration and the resulting extensive damage to Plaintiff's miners.

26. Plaintiff attempted in good faith to reach an amicable resolution to the business disputes but has been unsuccessful.

27. Defendants conceded in writing that Plaintiff is owed a balance exceeding $11,606.90 to reimburse unused prepaid expenses.

28. Plaintiff has suffered losses associated with opportunity costs, interest owed, damage to miners, unused hosting fees, and other damages, totaling over $75,000.

## CLAIM I – BREACH OF CONTRACT

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as though fully set forth herein.

30. The Agreement attached as Exhibit "A" between Plaintiff and Defendants constitutes a

valid and enforceable contract.

31. Plaintiff has performed all its obligations under the Agreement, including payment for services, or was excused from performing due to Defendant's breaches.

32. Defendant breached the Agreement by, among other things, failing to provide the hosting services as required, providing incorrect power configurations, and causing damage to Plaintiff's mining equipment.

33. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in an amount to be proven at trial, but which exceed $75,000. These damages include excessive miner packaging fees, unused hosting fees, opportunity Cost, excess machine wear and tear (exceeding $50,000), and other losses to be proven at trial.

<b>CLAIM II – BREACH OF WARRANTY</b>

34. Outlook Orange incorporates by reference the allegations contained in paragraphs 1 through 33 above as though fully set forth herein.

35. The Agreement contains warranties related to the Services, including the proper setup and functioning of the hosting environment.

36. Defendants breached these warranties by failing to provide the Services in a proper and workmanlike manner, causing damage to Outlook Orange's mining equipment.

37. As a direct and proximate result of Defendants' breaches, Plaintiff has suffered damages in an amount to be proven at trial, but which exceed $75,000. These damages include excessive miner packaging fees, unused hosting fees, opportunity Cost, excess machine wear and tear (exceeding $50,000), and other losses to be proven at trial.

<b>CLAIM III – FRAUD</b>

38. Plaintiff incorporates by reference the allegations in paragraphs 1 through 37 as though

fully set forth herein.

39. Defendants made false and/or misleading statements and representations to Plaintiff, including but not limited to, material details regarding its hosting capacities and services.

40. Defendants made these false and/or misleading statements and representations with the intent to deceive and induce Plaintiff into entering into the Agreement.

41. Defendants made these false and/or misleading statements and representations with the intent to deceive and prevent Plaintiff terminating the Agreement. This resulted in additional losses.

42. Plaintiff relied on Defendants' false and/or misleading statements and representations in entering into the Agreement.

43. As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages in an amount to be proven at trial, but which exceed $75,000. These damages include excessive miner packaging fees, unused hosting fees, opportunity Cost, excess machine wear and tear (exceeding $50,000), lost profits, consequential damages, and other losses to be proven at trial.

## CLAIM IV – UNJUST ENRICHMENT

44. Plaintiff incorporates by reference the allegations in paragraphs 1 through 43 as though fully set forth herein.

45. Defendants acquired $11,606.90 from Plaintiffs in connection with this transaction.

46. Defendants accepted, used and enjoyed these monies.

47. Defendants have wrongfully profited and been unjustly enriched. In equity and good conscience, Defendants ought not retain this money.

48. Plaintiff has suffered injury as a result of Defendants' unjust enrichment and asks for restitution and damages in an amount to be proved at trial.

6

DATED this 17ᵗʰ day of April, 2023.

OUTLOOK ORANGE, LLC, Plaintiff

By:  _____

Keith J. Dodson, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:   (307) 265-0700
Facsimile:   (307) 266-2306
Email:        kdodson@wpdn.net

-and-

Joe Carlasare (*pro hac vice* pending)
AMUNDSEN DAVIS
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Telephone:   (312) 894-3309
Email:        jcarlasare@amundsendavislaw.com

*Attorney for Plaintiff*